431 F.2d 1363
 75 L.R.R.M. (BNA) 2168, 63 Lab.Cas. P 11,153
 BYRNE DAIRY, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, and Dairy &
Bakery Salesmen& Dairy Employees Union, Local 316,
Affiliated with International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America, Intervenor.
 Nos. 303, 304, Dockets 33524, 33679.
 United States Court of Appeals, Second Circuit.
 Argued Dec. 15, 1969.
Decided Sept. 9, 1970.
 
 M. Harold Dwyer, Syracuse, N.Y. (Hancock, Ryan, Shove & Hust, Syracuse, N.Y., of counsel), for petitioner.
 Bernard T. King, Syracuse, N.Y. (Blitman & King, Syracuse, N.Y., of counsel), for intervenor.
 Frank H. Itkin, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Kenneth Pearlman, Atty., N.L.R.B., of counsel), for respondent.
 Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This petition by Byrne Dairy, Inc. to review and cross-petition by the National Labor Relations Board to enforce an order, 176 NLRB #40, finding that the employer had violated 8(a)(1) and (5) of the National Labor Relations Act and granting the usual relief, involved the same form of authorization card which became the subject of en banc consideration in NLRB v. Marsellus Vault & Sales, Inc., 431 F.2d 933, slip opinions page 3513 (October 1, 1969); page 4227 (September 3, 1970). Accordingly we held this case until Marsellus was decided. In light of the court's action there, we deny the petition the review and grant enforcement.
 
 
 2
 We start from the proposition that under Marsellus Dairy and Bakery Salesmen and Dairy Employees Union Local 316 and valid authorization cards from 14 of the 21 employees in what was later determined to be the appropriate unit by February 15, 1968, when the Union repeated a demand for recognition and bargaining first made the previous day. Hence, if the Board could reasonably find 'that the possibility of erasing the effects of past practices and of ensuring a fair election (or a fair rerun) by the use of traditional remedies, though present, is slight and that employee sentiment once expressed through cards would, on balance, be better protected by a bargaining order, then such an order should issue,' NLRB v. Gissel Packing Co., Inc., 395 U.S. 575, 614-615, 89 S.Ct. 1918, 1940, 23 L.Ed.2d 547 (1969). A majority of the Board's three-man panel, affirming the trial examiner, found precisely that.
 
 
 3
 The finding was grounded on two bases: One was an interview by two of the Byrnes with an employee, which was permissibly regarded as coercive and a violation of 8(a)(1) but would not in itself have sufficed to prevent a fair election. The other was a speech by Vincent Byrne to the employees on February 20, 1968. Evaluation of this presents the familiar and often nigh insoluble problem of drawing the line between permissible predictions of probable adverse effects of unionization, on the one hand, and the unwarranted translation of probability into certainty and the conveying of threats, on the other. No useful purpose would be served by setting out the facts; anyone sufficiently interested can find them in the trial examiner's report. We must uphold the Board when, as here, there is a fair basis for concluding the employer had crossed the line and seriously impaired the likelihood of a fair election. See Note, NLRB v. Gissel Packing Co.: Bargaining Orders and Employee Free Choice, 45 N.Y.U.L.Rev. 318 (1970).
 
 
 4
 Petition to review denied; cross-petition for enforcement granted.